**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELMER SALVADOR CRUZ, | Case No.: 1:18-cv-00730-JLT (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION |
| v. | [THIRTY DAY DEADLINE] |
| DHO - ICE, | |
| Respondent. | |

Petitioner filed the instant federal habeas petition in this Court on May 29, 2018. A preliminary screening of the petition reveals that it fails to present any cognizable grounds for relief or any facts in support, and fails to name a proper respondent. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.     DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Here, Petitioner has failed to comply with the aforementioned statutes and rules.  He claims he is being subjected to prolonged detention in violation of the Fifth Amendment to the Constitution; however, he fails to state sufficient facts in support.  For instance, he does not state whether is subject to a final order of removal and if so, when it was issued.  He states he was taken into immigration custody on November 22, 2017, but he does not state whether custody has been continuous, or what efforts, if any, that ICE has made in attempting removal.  Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.  Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies.  Petitioner is advised that he

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

should caption his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

### C. Failure to Name a Proper Respondent

Petitioner names "DHO – ICE" as Respondent. A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. 28 U.S.C. § 2242; Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden or officer in charge of his facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). Petitioner may correct this deficiency in his First Amended Petition.

*///*

*///*

*///*

*///*

*///*

*///*

**II.     ORDER**

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim and failure to name a proper respondent; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated:     **July 17, 2018**                    **/s/ Jennifer L. Thurston**
                                   UNITED STATES MAGISTRATE JUDGE